**GLEN M. WINTERBOTTOM**
**POST OFFICE BOX 109**
**NAALEHU, HAWAII 96720**
**TELEPHONE NO. (808) 929-9060**
**gwinterbottom@msn.com**

Letter

September 4, 2019

VIA ELECTRONIC MAIL

Shelli Mizukami, Courtroom Manager
    Chambers of Judge Jill A. Otake
        United States District Court
           District of Hawaii

    Reference: *Winterbottom vs. Underriner, et al.*, CV 19-00364-JAO-WRP

Dear Ms. Mizukami,

    This communication is in regards to Judge Otake's August 29, 2019 denial of my Motion For Summary Judgement in the above-entitled civil action. Although I was of course disappointed by that rejection, her rationale for doing so was made very clear in the docket text forwarded to me electronically by opposing counsel, and such action was no doubt within her judicial prerogative.

    However, I'm quite perplexed and concerned with the last full and partial sentences in the ruling, which declare rather harshly that: "Plaintiff should consult the federal rules and the Local Rules of Practice for the United States District Court for the District of Hawaii before filing any motions and is reminded of his obligation to comply with the same. Local Rule 83.13."

    While I don't think that it would be reasonable to expect first-time unrepresented plaintiffs like myself to be aware of unwritten Court customs, published statutes and regulations are a different matter entirely, being readily available for review by attorneys and non-lawyers alike.

    In that regard, I relied on **F.R.C.P. Rule 56(b) Time To File A Motion**, which states that, "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

    While the Court has certainly promptly and vehemently "order[ed] otherwise," I couldn't have known of it's intentions in advance without being psychic. Moreover, I can't find any reference at all in the corresponding **Local Rules** to the timing for filing such motions.

    I do notice that according to the **F.R.C.P. Rule 56** sub-notes, that rule did in the past require summary judgement motions to be withheld until all initial responses were filed by non-movants, but the Advisory Committee On Rules specifically removed that requirement in 2009 with the following pertinent comments:

        The timing provisions for summary judgment are outmoded. They are consolidated and substantially revised in new subdivision (c)(1). The new rule allows a party to move for summary judgment at any time, even as early as the commencement of the action. If the motion seems premature both subdivision (c)(1) and Rule 6(b) allow the court to extend the time to respond. The rule does set a presumptive deadline at 30 days after the close of all discovery.

1

In view of the foregoing, I'd greatly appreciate it if the Court could perhaps review this admittedly minor matter and determine concretely whether or not I did in fact violate a written F.R.C.P. or Local rule as the denial text strongly suggests. If I'm guilty of such an infraction, I will of course hang my head in shame and apologize profusely, even though I only have an embarrassingly rudimentary Kalani High School education. But I'm just not seeing any justification for doing that yet.

On the other hand, if it turns out that I was within my rights to submit my Motion when I did—based on all applicable published rules that were available to me at the time—then I would respectfully ask that the Court consider striking it's disparaging remarks from the record, as I greatly fear that being branded as a rule-breaking "troublemaker" could unfairly prejudice my case going forward.

Yours Respectfully,

*/s/ Glen M. Winterbottom*
_____
**GLEN M. WINTERBOTTOM**
**Plaintiff Pro Se**

(p.s. If you aren't the proper staff member to receive this communication, could you please forward it to an appropriate senior clerk in Judge Otake's chambers? Yours is the only name listed on the District Court's website. Also, if it matters, I'll be incommunicado on a mainland camping trip from Sept. 9 through 17. Mahalo, G.M.W.)

C.C.: Chief Judge J. Michael Seabright
    dianne.brookins@dentons.com
    daniel.cheng@dentons.com
    sydney.spector@usdoj.gov