IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLEN M. WINTERBOTTOM,<br><br>        Plaintiff,<br><br>   vs.<br><br>DAVID T. UNDERRINER, in his official capacity as President of Kaiser foundation Health Plan and Hospitals of Hawaii; CATHERINE A. KORTZEBORN, in her official capacity as Deputy Regional Administrator of U.S. Centers for Medicare and Medicaid Services, Region 9 – San Francisco,<br><br>        Defendants. | CIVIL NO. 19-00364 JAO-WRP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT DAVID T. UNDERRINER'S MOTION TO DISMISS COMPLAINT |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT DAVID T. UNDERRINER'S MOTION TO DISMISS COMPLAINT**

On October 31, 2019, the Court issued an Order Granting Defendant David T. Underriner, in his Official Capacity as President of Kaiser Foundation Health Plan and Hospitals of Hawaii's Motion to Dismiss Complaint ("Order"). ECF No. 37. Plaintiff Glen M. Winterbottom ("Plaintiff") seeks reconsideration of the Order. ECF No. 40. This matter shall be decided without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the

District of Hawaii ("Local Rules"). For the reasons articulated below, the Motion is DENIED.

## DISCUSSION

Plaintiff disagrees with the Order, but it is somewhat difficult to ascertain the legal bases he relies upon for reconsideration. As best the Court can discern, he presents the following contentions, none of which support reconsideration:

(1) **Standing** – Plaintiff asserts that he will be "<u>illegally</u> forced to abandon the team of healthcare providers that he has come to know and rely on for nearly a quarter-century, right in the middle of being treated for an unquestionably life-threatening disease." Mot. at 3-4. According to Plaintiff, challenges to his medical concerns should be through expert testimony at trial and that application of any less stringent standard constitutes manifest error of law. *Id.* at 4. Plaintiff also contends that he would be dumbfounded if the Court lacks the power to order a public accommodation and a government agency to cease and correct their violations of federal anti-discrimination laws. *Id.* at 5.

(2) **Exhaustion** – Plaintiff argues that the Court has jurisdiction over this action because he primarily alleges violations of the Americans with Disabilities Act ("ADA"), and as such, he need not exhaust any administrative remedies. *Id.* at 5-6.

(3) **Sufficiency of the Claims**:

(a) *ADA claims* – Plaintiff continues to insist that Defendant Kaiser is a place of public accommodation and that the Court improperly determined that Defendant Kaiser was not a place a public accommodation for the purposes of his ADA claims. *Id.* at 6. He additionally asserts that Defendant Kaiser discriminates against him and all other disabled residents of the excluded zip codes based on their disabilities. *Id.* at 8.

(b) *Statutory claims* – Plaintiff does not contest the dismissal of Counts 3-5 because they are collateral to his ADA claims. However, he asks that the Court permit amendment so that he may utilize these claims to buttress his ADA claims. *Id.* at 10-11.

Local Rule 60.1 governs motions for reconsideration, which are disfavored. Motions for reconsideration of interlocutory orders may be challenged on three grounds: "(a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact." Local Rule 60.1. Motions brought under subsection (c), as here, "must be filed and served within fourteen (14) days after the court's order is issued." Local Rule 60.1(c).

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion

3

must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, Plaintiff has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of strongly convincing nature to compel reversal of the Order. Local Rule 60.1 prohibits parties from "repeat[ing] arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request." Local Rule 60.1. The Motion consists of the same arguments already considered and rejected and mischaracterizes and/or misapprehends many of the applicable rulings. Plaintiff clearly disagrees with the

Order, but that cannot serve as a basis for reconsideration. Accordingly, the Court DENIES the Motion.

## CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, November 22, 2019.

Jill A. Otake
United States District Judge

Civil No. 19-00364 JAO-WRP; *Winterbottom v. Underriner*; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT DAVID T. UNDERRINER'S MOTION TO DISMISS COMPLAINT