IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GLEN M. WINTERBOTTOM, | ) | CIVIL NO. 19-00364 JAO-WRP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | ) ) ) | OF ORDER GRANTING DEFENDANT CATHERINE A. KORTZEBORN'S |
| DAVID T. UNDERRINER, in his official capacity as President of Kaiser foundation Health Plan and Hospitals of Hawaii; CATHERINE A. KORTZEBORN, in her official capacity as Deputy Regional Administrator of U.S. Centers for Medicare and Medicaid Services, Region 9 – San Francisco, | ) ) ) ) ) ) ) ) ) ) ) | MOTION TO DISMISS COMPLAINT |
| Defendants. | ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT CATHERINE A. KORTZEBORN'S MOTION TO DISMISS COMPLAINT**

On December 3, 2019, the Court issued an Order Granting Defendant Catherine A. Kortzeborn's Motion to Dismiss Complaint ("Order"). ECF No. 44. Plaintiff Glen M. Winterbottom ("Plaintiff") seeks reconsideration of the Order. ECF No. 45. This matter shall be decided without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"). For the reasons articulated below, the Motion is DENIED.

# DISCUSSION

Local Rule 60.1 governs motions for reconsideration, which are disfavored. Plaintiff relies on Federal Rule of Civil Procedure ("FRCP") 60(b)(6), which provides relief from final judgments, orders, or proceedings for any reason justifying relief. Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Sierra Club, Haw. Chapter v. City & Cty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence.").

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *See White v. Sabatino*, 424 F.

Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Here, Plaintiff has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of strongly convincing nature to compel reversal of the Order. The Motion consists of the same arguments already considered and rejected by the Court on multiple occasions. Local Rule 60.1 prohibits parties from "repeat[ing] arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request." Local Rule 60.1; *see also Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (holding that a Rule 60(b) motion was properly denied because the plaintiff merely reiterated the arguments he already presented). Plaintiff clearly disagrees with the Order, but that cannot serve as a basis for reconsideration. And the arguments that he presents for the first time in the Motion are not properly before the Court. *See Figy v. Amy's Kitchen, Inc*, No. C 13-03816-SI, 2014 WL 3362178, at *3 (N.D. Cal. July 7,

2014) (stating that a "Rule 60(b) motion cannot be used to present new arguments that could have been raised prior to the entry of judgment").

Plaintiff takes issue with the Court's limited and conclusory analysis in its Order Denying Plaintiff's Motion for Reconsideration of Order Granting Defendant David T. Underriner's Motion to Dismiss Complaint. However, the Court need not rehash and re-explain legal issues that it already resolved in the orders that are the subject of Plaintiff's motions for reconsideration, particularly when Plaintiff's challenges are based on a misapprehension of the applicable law and the Court's legal analyses.[1] For these reasons, the Court DENIES the Motion.

## CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Plaintiff's Motion for Reconsideration.

---

[1] For example, Plaintiff asserts that he "has never similarly once stated or even suggested that CMS is a 'Public Accommodation,' as was implied in the Court's most recent Order, contending only that Defendant Kaiser's alleged ADA violations were unlawfully approved by that agency, and obviously cannot be remedied without it's [sic] participation." Mot. at 6. Yet his Complaint expressly accuses CMS of discrimination under the ADA provision governing places of public accommodation: "In the case at bar, the 'class' of disabled individuals being discriminated against by Defendants is all such persons needing MA coverage living within the three excluded ZIP Code areas, Plaintiff included." Compl. at ¶ 24. Although CMS is clearly not a place of public accommodation, the Court addressed Plaintiff's allegations *as pled*.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, December 23, 2019.



Jill A. Otake
United States District Judge

Civil No. 19-00364 JAO-WRP; *Winterbottom v. Underriner*; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT CATHERINE A. KORTZEBORN'S MOTION TO DISMISS COMPLAINT